UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RODNEY ROLLINS, | : | |
| | : | |
| Plaintiff, | : | NO. 3:05cv191 (MRK) |
| | : | |
| v. | : | |
| | : | |
| PEOPLE'S BANK CORP., | : | |
| | : | |
| Defendant. | : | |

## RULING AND ORDER

Currently pending before the Court is Defendant's Amended Motion to Dismiss [**doc. #22**]. Having considered the parties' submissions, the Court GRANTS IN PART Defendant's motion as explained below.

The Court grants Defendant's Amended Motion to Dismiss [doc. #22] with respect to Counts V and VI of the Amended Complaint [doc. #18] because Plaintiff's state law negligence claims are barred by the applicable statute of limitations. Under Connecticut General Statutes § 52-584 the statute of limitations for any "action to recover damages for injury to the person . . . caused by negligence" is two years. The instant action was not filed until March 17, 2005, more than two years after the occurrence of any actions that the Defendant is alleged to have taken. *See* Am. Compl. [doc. #18] at ¶ 8.

Plaintiff does not dispute that the statute of limitations period had already run on his negligence claims when this action was filed. However, Plaintiff contends that his untimely action is saved by Connecticut's accidental failure of suit statute, Connecticut General Statutes § 52-592, because he had timely filed a lawsuit against Defendant on October 7, 2003, in the United States District Court for the Southern District of New York that was dismissed for lack of

personal jurisdiction. *See* Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss [doc. #15-1] at 18-19. Section 52-592 provides in relevant part, that "If any action commenced within the time limited by law, has failed one or more times to be tried on its merits because . . . the action has been dismissed for want of jurisdiction . . . the plaintiff . . . may commence a new action . . . for the same cause at any time within one year after the determination of the original action."

Plaintiff's attempt to take advantage of Connecticut's accidental failure of suit statute is foreclosed by the Connecticut Appellate Court's decision in *Lippmann v. Rashkoff*, 32 Conn. App. 187, 189-90 (1993). In *Lippmann*, the Appellate Court held that § 52-592, "construed according to its plain and ordinary meaning, hinges on the parties bringing the action initially within a state or federal court *in this state*." *Lippmann*, 32 Conn. App. at 190 (emphasis added). *See also Jarvis v. Levitsky*, 918 F. Supp. 50, 50-51 (D. Conn. 1996) (adopting *Lippmann's* reasoning); *Arute Bros., Inc. v. Dep't of Transp.*, 87 Conn. App. 367, 375-76 (2005) (citing *Lippman* with approval). Accordingly, in *Lippmann* the Appellate Court held that a plaintiff who had previously sued a defendant in the United States District Court for the Southern District of New York could not take advantage of § 52-592 because that statute is limited to actions brought in Connecticut state or federal courts. *Id.* Because this case is essentially identical to *Lippmann* and because this Court is bound by the Connecticut Appellate Court's construction of Connecticut law, the Court must dismiss Plaintiff's negligence claims in Counts V and VI of the Amended Complaint as barred by the applicable statute of limitations.

The Court also grants Defendant's Amended Motion to Dismiss [doc. #22] with respect to Count IV of the Amended Complaint, which alleges a claim for intentional infliction of emotional distress. Defendant argues that Plaintiff has failed to set forth the basic elements of

this cause of action in the Amended Complaint, and the Court agrees. Plaintiff has informed the Court that he does not oppose dismissal of this claim. *See* Pl.'s Mem. in Opp'n to Def.'s Mot. to Dismiss [doc. #15-1] at 20 n.5. Accordingly, Plaintiff's intentional infliction of emotional distress claim in Count IV of the Amended Complaint is dismissed.

Finally, the Court reserves ruling on Defendant's Amended Motion to Dismiss [doc. #22] with respect to Counts I and II of the Amended Complaint asserting violations of Connecticut General Statutes § 36a-43. Defendant argues that there is no private right of action under § 36a-43, an issue that does not appear to have been squarely addressed by Connecticut courts. *See* Def.'s Reply [doc. #23] at 1- 7. Given the importance of this issue, the Court believes that further briefing is required by Plaintiff. Accordingly, Plaintiff shall have until **August 15, 2005** to file a response to the arguments raised in Defendant's brief. In particular, Plaintiff should address the proper analysis of § 36a-43 under the test set out by the Connecticut Supreme Court in *Napoletano v. CIGNA Healthcare of Conn*., Inc., 238 Conn. 216, 249 (1996). Defendant shall then have until **August 29, 2005** to file a response to Plaintiff's brief.

In conclusion, the Court GRANTS IN PART Defendant's Amended Motion to Dismiss [**doc. #22**] with respect to the claims set forth in Counts IV, V and VI of the Amended Complaint. Plaintiff's intentional infliction of emotional distress claim set forth in Count IV of the Amended Complaint and negligence claims set forth in Counts V and VI of the Amended Complaint are hereby DISMISSED. The Court reserves ruling on Defendant's motion with respect to Counts I and II of the Amended Complaint pending further briefing by the parties. In light of this ruling, Defendant's Motion to Dismiss [**doc. #8**] is DENIED AS MOOT.

IT IS SO ORDERED.

/s/    Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut on: July 25, 2005.**